ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| HÉCTOR DE JESÚS LÓPEZ PÉREZ<br><br>Apelado<br><br>v.<br><br>GLADYS RÍOS MARENGO<br><br>Apelante | **TA2026AP00340** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Lares<br><br>Civil Núm. LR2020CV00200<br><br>Sobre: División de Comunidad de Bienes; Pago de Renta por Uso Exclusivo de Propiedad Inmueble |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

**<u>SENTENCIA</u>**

En San Juan, Puerto Rico, a 18 de mayo de 2026.

Comparece ante este foro Gladys Ríos Marengo (señora Ríos Marengo o parte apelante) mediante un recurso de *Apelación* y nos solicita que revisemos una *Sentencia* emitida y notificada el 3 de marzo de 2026 por el Tribunal de Primera Instancia, Sala Superior de Lares.[2] Mediante el referido dictamen, el foro de instancia declaró Ha Lugar la *Demanda* de división de la comunidad post ganancial habida entre las partes. En su consecuencia, el foro primario determinó que el único bien sujeto a división lo era el bien inmueble localizado en la Urbanización Villa Seral D7 en Lares, Puerto Rico. Además, reconoció la participación de cada una de las partes en un cincuenta por ciento (50%) en el bien inmueble antes descrito, así como un crédito a favor de

---

[1] Ver Orden Administrativa OATA-2026-044 del 4 de mayo de 2026.
[2] *Sentencia*, entrada núm. 111 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Héctor De Jesús López Pérez (señor López Pérez o parte apelada) por la cantidad de $30,343.82 por concepto de las aportaciones al sistema de retiro de la parte apelante.

Por los fundamentos que expondremos a continuación, se **CONFIRMA** la *Sentencia* apelada y se devuelve el caso al tribunal de primera instancia para trámites ulteriores conforme a la siguiente discusión.

**I**

El 2 de noviembre de 2020, el señor López Pérez instó una *Demanda* sobre división de comunidad de bienes y pago de renta por uso exclusivo de propiedad inmueble contra la señora Ríos Marengo.[3] Alegó que las partes quedaron divorciadas mediante sentencia por la causal de ruptura irreparable. Indicó que el régimen económico que rigió entre las partes durante el matrimonio fue el de la Sociedad Legal de Bienes Gananciales. Adujo que las partes adquirieron tanto bienes muebles e inmuebles durante la vigencia del matrimonio. Esbozó que, dentro de los bienes habidos en la Comunidad de Bienes Post Gananciales compuesta por ambos, se encontraba una propiedad inmueble ubicada en la Urbanización Villa Seral D7 Lares, Puerto Rico 00669. Asimismo, indicó que existían bienes muebles sujetos a liquidarse como parte de la liquidación de la comunidad post ganancial. Por otra parte, alegó que le envió a la señora Ríos Marengo una misiva mediante la cual solicitó la suma de $600.00 por concepto de arrendamiento por el uso exclusivo de la propiedad antes descrita. Expresó que la señora Ríos

---

[3] *Demanda*, entrada núm. 1 en SUMAC.

Marengo no ha pagado suma alguna por el uso exclusivo de la propiedad. En consecuencia, solicitó que se declarara Ha Lugar la *Demanda* y cualquier otro pronunciamiento que procediera en derecho.

Posteriormente, el 2 de agosto de 2021, la señora Ríos Marengo presentó *Contestación a la Demanda*.[4] En términos generales, negó la mayoría de las alegaciones. Se desprende además que, la parte apelante presentó sus defensas afirmativas. En específico, indicó que el señor López Pérez no tenía derecho a reclamar alquiler. Asimismo, indicó que ostentaba un crédito por concepto de las mejoras realizadas a la propiedad. Por último, adujo que existían bienes que en realidad eran propiedad de sus hijos, por lo que no formaban parte de la comunidad de bienes a liquidarse entre las partes. A tenor, solicitó que se declarara No Ha Lugar a la *Demanda* instada por el señor López Pérez.

Luego de varios trámites procesales innecesarios pormenorizar, el 9 de junio de 2025, las partes presentaron el *Informe de Conferencia con Antelación al Juicio*.[5] En el aludido escrito, estipularon los siguientes hechos:

1. Las partes contrajeron matrimonio el 6 de julio de 1974 en el municipio de Lares, Puerto Rico.

2. El matrimonio fue disuelto mediante Sentencia de Divorcio por la Causal de Ruptura Irreparable, emitida por la Honorable Juez Lissette Vélez Morales el 29 de septiembre de 2020, la cual fue debidamente notificada el 2 de octubre de 2020. Dicha sentencia es final y firme.

3. Que no se suscribieron Capitulaciones Matrimoniales antes ni durante la vigencia del

---

[4] *Contestación a la Demanda*, entrada núm. 21 en SUMAC.
[5] *Informe de Conferencia con Antelación al Juicio*, entrada núm. 98 en SUMAC.

matrimonio, conforme a lo dispuesto por la Ley Núm. 62 de 27 de enero de 2018.

4. Por tanto, el régimen económico que rigió entre las partes durante el matrimonio fue el de la Sociedad Legal de Bienes Gananciales.

5. Durante la vigencia del matrimonio, las partes adquirieron un bien inmueble localizado en la Urbanización Villa Seral D-7, Lares, Puerto Rico 00669, identificado con el número de catastro 158-039-063-07.

6. El bien inmueble fue tasado en la suma de $100,000.00, tasación que no ha sido impugnada ni controvertida.

7. La Junta de Retiro del Gobierno de Puerto Rico certificó que, estando vigente el matrimonio habido entre las partes, la Sra. Gladys Ríos Marengo había realizado aportaciones al sistema de retiro por la suma de $48,382.43, y que dichas aportaciones generaron intereses acumulados por la cantidad de $12,305.21, para un total de $60,687.64.

8. Durante el periodo comprendido entre la fecha de retiro de la Sra. Gladys Ríos Marengo y la fecha de disolución del matrimonio, la misma recibió la cantidad total de $227,657.92 en concepto de pensión.

9. El inmueble descrito anteriormente ha sido ocupado exclusivamente por la Sra. Gladys Ríos Marengo.

10. Que la Sra. Gladys Ríos Marengo recibió un requerimiento formal del Sr. Héctor de Jesús López Pérez para que abonara una renta mensual de $600.00 por el uso exclusivo del inmueble antes descrito mediante misiva enviada el 18 de septiembre de 2020, recibida el 21 de septiembre de 2020.

11. La Sra. Gladys Ríos Marengo no ha realizado pago alguno en concepto de renta por el uso exclusivo del bien inmueble.

Por otro lado, las partes enmendaron sus alegaciones. Sobre el particular, el señor López Perez incluyó expresamente unos bienes, los cuales identificó como parte de la comunidad de bienes gananciales sujeta a liquidación. En específico, mencionó los vehículos de motor Toyota Highlander del año 2008 y Toyota Tundra Double Cab SR5 del año 2010; aportaciones al plan de retiro realizadas durante la vigencia del matrimonio por la señora Ríos Marengo, ascendentes a la suma de

$48,382.43; intereses devengados por las referidas aportaciones, ascendentes a la suma de $12,305.21; y el dinero recibido y utilizado de manera exclusiva por la señora Ríos Marengo en concepto de pensión durante la vigencia del matrimonio por la suma de $227,657.92. Por su parte, la señora Ríos Marengo incluyó un Mercedes Benz C220 y, en lo referente a las deudas a ser liquidadas, mencionó un préstamo hipotecario y/o subsidio sujeto a devolución con balance de $14,330.06 de la USDA Rural Development. Por otro lado, las partes mencionaron la prueba, tanto documental como testifical, a ser presentada y dieron por concluido el descubrimiento de prueba.

En atención a lo anterior, el 18 de junio de 2025, el foro de instancia celebró una vista sobre conferencia con antelación al juicio. Según se desprende de la *Minuta*, el foro de instancia expresó que en el informe no se anunciaron documentos para probar el valor de los vehículos marca Toyota.[6] Además, determinó que no se iba a adjudicar la controversia sobre la renta solicitada por el señor López Pérez, toda vez que no se anunció prueba que ayudara o pusiera al tribunal en posición para establecer cuál era el valor de la renta en el mercado. Por otra parte, en lo pertinente al crédito que reclama la señora Ríos Marengo por las mejoras realizadas a la propiedad luego de materializado el divorcio, el foro primario expresó que no se presentó ninguna prueba sobre el valor de las mejoras. Por último, el foro de instancia señaló el juicio en su fondo para los días 20, 21, 22 y 24 de octubre de 2025.

---

[6] *Minuta-Resolución*, entrada núm. 99 en SUMAC.

Posteriormente el 20 y 21 de octubre de 2025, el foro de instancia celebró el juicio en su fondo. Según se desprende de las *Minutas*, la prueba juramentada consistía en los testimonios del señor López Pérez; la señora Ríos Marengo; Héctor López Ríos (señor López Ríos); Damaris López Ríos (señora López Ríos); Yesenia López Ríos (señora López Ríos).[7] Mediante *Orden*, emitida y notificada el 22 de octubre de 2025, el foro primario dejó sin efecto los señalamientos de los días 22 y 24 de octubre de 2025.[8]

Celebrado el juicio en su fondo y evaluadas las posturas de las partes, el 3 marzo de 2026, el foro de instancia emitió y notificó la *Sentencia* apelada.[9] En esta, el foro primario dispuso que quedó establecido, mediante el testimonio de ambas partes, que las mejoras realizadas a la propiedad habían sido sufragas por el hijo de las partes, por lo que el reclamo de créditos por concepto de mejoras quedó descartado. Además, expresó que las partes no lograron precisar las fechas en las que se realizaron las mejoras ni el costo de estas.

Por otra parte, en lo relativo al reclamo de créditos por concepto del pago de préstamos, expresó que la prueba presentada no puso al tribunal en condiciones para poder realizar una determinación sobre el monto de los posibles créditos relacionados al pago de los préstamos tomados previo a la separación definitiva de las partes. Por otro lado, en lo pertinente al reclamo de renta por uso exclusivo del bien inmueble, el foro de

---

[7] *Minuta*, entrada núm. 103 y 104 en SUMAC.
[8] *Orden*, entrada núm. 102 en SUMAC.
[9] *Sentencia*, entrada núm. 111 en SUMAC.

instancia dispuso que no se ofreció prueba a los fines de determinar el monto de la renta aplicable, por lo que el foro primario no podía otorgar el remedio por el uso exclusivo del bien inmueble. En lo relativo a los vehículos de motor, determinó que, conforme la prueba desfilada, los vehículos fueron adquiridos por el hijo de las partes con sus propios bienes y no con ingresos de la sociedad legal de bienes gananciales, por lo que los mismos no forman parte del caudal sujeto a división.

Ahora bien, en lo pertinente a las aportaciones del sistema de retiro, dispuso que las aportaciones al sistema de retiro al que está acogida la señora Ríos Marengo totalizaron la suma de $48,382.43, acumulándose la cantidad de $12,305.21 por concepto de intereses, todo ello para un total de $60,687.64. Ante ello, el foro de instancia le reconoció un crédito al señor López Pérez por la cantidad de $30,343.82, por concepto de las aportaciones al sistema de retiro de la señora Ríos Marengo. Por otra parte, le reconoció a las partes una participación de un cincuenta por ciento (50%) en el bien inmueble localizado en la Urbanización Villa Seral D7 Lares, Puerto Rico. Por último, en lo relativo al reclamo del señor López Pérez sobre el ingreso recibido por la señora Ríos Marengo por concepto de la pensión, el foro de instancia dispuso que dicha solicitud no encontraba apoyo en derecho.

Por todo lo anteriormente expuesto, el foro de instancia declaró Ha Lugar a la *Demanda* de división de la comunidad post ganancial habida entre las partes. En consecuencia, determinó que el único bien sujeto a división era el bien inmueble localizado en la

Urbanización Villa Seral D7 Lares, Puerto Rico. Ante ello, le reconoció a cada parte una participación de un cincuenta por ciento (50%) en dicha propiedad. Además, le reconoció un crédito a la parte apelante por la cantidad de $30,343.82, por concepto de las aportaciones al sistema de retiro de la parte apelante.

Inconforme, el 6 de abril de 2026, la señora Ríos Marengo presentó un recurso de *Apelación* en el cual esbozó la comisión de los siguientes dos (2) errores:

> Erró el Tribunal de Primera Instancia al adjudicar el único bien inmueble habido en la extinta Sociedad Legal de Gananciales en un cincuenta por ciento (50%) a cada excónyuge sin establecer la atribución preferente a favor de la Apelante y sin declarar su indivisión.

> Erró el Tribunal de Primera Instancia al conceder la liquidación y adjudicación de las aportaciones del retiro siendo estos el único bien sujetos a liquidar para el reembolso de los dineros acumulados para tal fin.

Mediante *Resolución* emitida el 7 de abril de 2026, concedimos a la parte apelada el término dispuesto en el Reglamento de este Tribunal, según enmendado, 2025 TSPR 42, para presentar su alegato. En cumplimiento con lo ordenado, el 5 de mayo de 2025, la parte apelada compareció mediante *Contestación del Alegato de la Parte Apelada*. Con el beneficio de la comparecencia de las partes, procederemos a disponer del recurso instado.

**II**

**A**

Al contraer nupcias, los cónyuges configuran el régimen patrimonial que regirá su matrimonio y régimen de bienes, deberes y derechos patrimoniales. *Roselló Puig v. Rodríguez Cruz*, 183 DPR 81, 92 (2011). De acuerdo con el Artículo 1267 del Código Civil de Puerto

Rico de 1930, 31 LPRA sec. 3551, a falta de contrato sobre los bienes o selección de un régimen determinado, se entenderá el matrimonio contraído bajo el régimen de la sociedad legal de gananciales.[10] Se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer. Artículo 1307 de Código Civil de 1930, 31 LPRA sec. 3647. Es decir que, durante el matrimonio, ambos cónyuges son codueños y administradores de la totalidad del patrimonio matrimonial. *SLG Báez-Casanova v. Fernández*, 193 DPR 192, 211 (2015); *Montalván v. Rodríguez*, 161 DPR 411, 420 (2004). La parte que alegue el carácter privativo del determinado bien tendrá el peso de la prueba para derrotar presunción iuris tantum de gananciabilidad. *Muñiz Noriega v. Muñoz Bonet*, 177 DPR 967, 980 (2010).

El Art. 1301 del Código Civil de 1930, 31 LPRA sec. 3641, enumera como bienes gananciales: (1) los adquiridos por título oneroso durante el matrimonio a costa del caudal común para la comunidad o para uno solo de los esposos, (2) los obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos y (3) los frutos, rentas o interés percibidos o devengados durante la vigencia del matrimonio procedente de los bienes comunes o de los peculiares de cada uno de los cónyuges. Asimismo, el Artículo 1303 del Código Civil de 1930, 31 LPRA sec. 3643 dispone que el derecho de usufructo o de pensión, perteneciente a uno de los

---

[10] El referido código fue derogado por el Código Civil de Puerto Rico de 2020, aprobado mediante la Ley Núm. 55 de 1 de junio de 2020. Para fines de la presente, se hace referencia únicamente al Código Civil derogado por ser la ley vigente y aplicable a la controversia que nos ocupa.

cónyuges perpetuamente o de por vida, formará parte de sus bienes propios, pero los frutos, pensiones e intereses devengados durante el matrimonio serán bienes gananciales.

Ahora bien, ni el Tribunal Supremo federal ni las cortes estatales se han expresado sobre el carácter de las aportaciones hechas vigente el matrimonio a un plan de pensión, de retiro o anualidad establecido mediante legislación federal. *Vega v. Soto*, 164 DPR 113, 114 (2005). Por lo tanto, la doctrina de *campo ocupado* no constituye un impedimento para que se evalúe si, a la luz del derecho sustantivo puertorriqueño, dichas aportaciones se pueden considerar como un bien ganancial y, además, que deben incluirse en la masa que se divida cuando se liquide la sociedad legal de gananciales. *Íd.* Siendo así, nuestro Tribunal Supremo ha establecido que las aportaciones que un cónyuge pensionista hace a su plan de retiro, vigente el matrimonio, son de naturaleza ganancial, por lo que la sociedad de gananciales tiene derecho a un crédito por el importe total de esas aportaciones al momento de su disolución. *Íd.* a la pág. 115.

Debemos reconocer que hay una distinción entre el derecho en sí sobre la pensión y las cantidades aportadas o devengadas mensualmente en virtud de ese derecho. Éstas tienen más bien el carácter de frutos civiles, lo que determinan su clasificación como un bien ganancial mientras se perciban durante el matrimonio. *Maldonado v. Tribunal Superior*, 100 DPR 370, 377 (1972). Ahora bien, si el único bien existente para satisfacer la parte adjudicada son los fondos de aportaciones acumuladas en

el plan de retiro, quedará diferido el cumplimiento de esa parte de la división de bienes de la sociedad. *Vega v. Soto*, supra, a la pág. 115 (2005). De manera similar se ha resuelto que las mensualidades que se devengan de la pensión de retiro deben considerarse como gananciales si el jubilado las percibe estando casado. *Carrero Quiles v. Santiago Feliciano*, 133 DPR 727, 733 (1993). Sin embargo, una vez disuelta la sociedad legal de gananciales los pagos de la pensión de retiro serán privativos. *Maldonado v. Tribunal Superior*, supra, a la pág. 372.

**B**

Disuelta una sociedad ganancial, los cónyuges hacen suyos por mitad las ganancias o los beneficios obtenidos indistintamente por cualquiera de los cónyuges durante el mismo matrimonio. *Muñiz Noriega v. Muñoz Bonet*, supra, 982 (2010). Sin embargo, aunque la disolución del matrimonio acarrea la terminación del régimen de la Sociedad Legal de Gananciales, la liquidación del capital común de los excónyuges no siempre ocurre simultáneamente a esta disolución. *Íd.* En esos casos sobreviene un período en el que se mezclan y confunden provisionalmente los bienes de los excónyuges, hasta que se líquida finalmente la comunidad de bienes post ganancial que se crea entre ellos una vez se disuelve el matrimonio. *Íd.* Los excónyuges poseen una cuota abstracta, independiente y alienable y tendrán el derecho a intervenir en la administración de la comunidad y a pedir su división. *Pagán Rodríguez v. Registradora,* 177 DPR 522, 532-533 (2009).

De acuerdo con el Art. 1322 del Código Civil de 1930, 31 LPRA sec. 3696, la división de los bienes que componen la comunidad de bienes post ganancial al momento de la disolución del matrimonio se hará por partes iguales entre los excónyuges. *Montalván v. Rodríguez*, 161 DPR 411, 424 (2004). Específicamente, se provee que luego del inventario y del pago de los pasivos gananciales, "[e]l remanente líquido de los bienes gananciales se dividirá por mitad entre marido y mujer o sus respectivos herederos". *Íd.* No obstante, la igualdad de cuotas, derivada de la equiparación de los cónyuges bajo el régimen ganancial, es presunta bajo el régimen de comunidad de bienes y, por lo tanto, está sujeta a ser rebatida mediante prueba pertinente. *Íd.*

### III

En el presente recurso, la parte apelante nos solicita que revisemos la *Sentencia*, emitida y notificada el 3 de marzo de 2026, mediante la cual el foro de instancia declaró Ha Lugar a la *Demanda* de división de la comunidad post ganancial habida entre las partes. Asimismo, mediante el referido dictamen, el tribunal *a quo* determinó que el único bien sujeto a división era el bien inmueble localizado en la Urbanización Villa Seral D7 Lares, Puerto Rico. Ante ello, reconoció la participación de cada una de las partes en un cincuenta por ciento (50%) en el bien inmueble antes descrito. Además, le reconoció un crédito a la parte apelada por la cantidad de $30,343.82, por concepto de las aportaciones al sistema de retiro de la parte apelante.

A los fines de que revisemos la referida *Sentencia*, la parte apelante discutió dos (2) errores. Como primer señalamiento de error, alegó que erró el Tribunal de Primera Instancia al adjudicar el único bien inmueble habido en la extinta Sociedad Legal de Gananciales en un cincuenta por ciento (50%) a cada excónyuge sin establecer la atribución preferente a favor de la parte apelante y sin declarar su indivisión. Por otra parte, como segundo señalamiento de error, la parte apelante plantó que el foro de instancia incidió al conceder la liquidación y adjudicación de las aportaciones del retiro siendo estos el único bien sujeto a liquidar para el reembolso de los dineros acumulados para tal fin.

En lo pertinente al primer señalamiento de error, puntualizamos que, disuelta una sociedad ganancial, los cónyuges hacen suyos por mitad las ganancias o los beneficios obtenidos indistintamente por cualquiera de los cónyuges durante el matrimonio. *Muñiz Noriega v. Muñoz Bonet*, supra, 982 (2010). De acuerdo con el Art. 1322 del Código Civil de 1930, 31 LPRA sec. 3696, la división de los bienes que componen la comunidad de bienes post ganancial al momento de la disolución del matrimonio se hará por partes iguales entre los excónyuges. *Montalván v. Rodríguez*, supra, 424 (2004). Específicamente, se provee que luego del inventario y del pago de los pasivos gananciales, el remanente líquido de los bienes gananciales se dividirá por mitad entre marido y mujer o sus respectivos herederos. *Íd.*

Tras haber examinado los autos ante nuestra consideración, se desprende claramente que, según los

hechos estipulados entre las partes, durante la vigencia del matrimonio, las partes adquirieron un bien inmueble localizado en la Urbanización Villa Seral D7, Lares, Puerto Rico 00669. No cabe duda respecto a que el régimen económico del matrimonio habido entre las partes era el de una Sociedad Legal de Gananciales. En consecuencia, la división corresponde en partes iguales, es decir, por mitad entre la parte apelante y la parte apelada. Por ello, entendemos que el foro de instancia no erró al adjudicar el único bien inmueble habido en la extinta Sociedad Legal de Gananciales en un cincuenta por ciento (50%) a cada excónyuge para cuando corresponda eventualmente la venta del inmueble.

Ahora bien, en lo relativo al segundo señalamiento de error levantado por la parte apelante, puntualizamos la distinción entre el derecho en sí sobre la pensión y las cantidades aportadas o devengadas mensualmente en virtud de ese derecho. Sobre el particular, nuestro Tribunal Supremo ha establecido que las aportaciones que un cónyuge pensionista hace a su plan de retiro, vigente el matrimonio, son de naturaleza ganancial, por lo que la sociedad de gananciales tiene derecho a un crédito por el importe total de esas aportaciones al momento de su disolución. *Vega v. Soto,* 164 DPR 113, 115 (2005). En el caso ante nos, La Junta de Retiro del Gobierno de Puerto Rico certificó que, estando vigente el matrimonio habido entre las partes, la señora Ríos Marengo realizó aportaciones al sistema de retiro por la suma de $48,382.43. Además, dichas aportaciones generaron intereses acumulados por la cantidad de $12,305.21, para un total de $60,687.64. Dichas aportaciones son de

naturaleza ganancial, por lo que la sociedad de gananciales tiene derecho a un crédito por el importe total de esas aportaciones al momento de su disolución. Ante ello, entendemos que el foro de instancia no erró al conceder la liquidación y adjudicación de las aportaciones del retiro y reconocerle un crédito al señor López Pérez por la cantidad de $30,343.82, ello por concepto de las aportaciones al sistema de retiro de la parte apelante.

En virtud de todo lo antes esbozado, reiteramos que ninguno de los dos errores esgrimidos por la parte apelante fueron cometidos, de manera que nos es forzoso confirmar el dictamen apelado. No obstante, no podemos pasar por alto el reclamo que por primera vez hizo la parte apelante ante este Tribunal en lo pertinente a la atribución preferente del bien inmueble localizado en la Urbanización Villa Seral D7, Lares, Puerto Rico 00669. Siendo este un reclamo justo,[11] corresponde al Tribunal de Primera Instancia atender y dilucidar dicho asunto. En consecuencia, las partes deberán presentar sus respectivas alegaciones y evidencia pertinente sobre esta controversia ante el foro *a quo* para la determinación que en derecho proceda.

## IV

Por los fundamentos que anteceden, se *confirma* la *Sentencia* apelada y se devuelve el caso al tribunal de primera instancia para trámites ulteriores conforme a lo aquí discutido

---

[11] No adelantamos juicio sobre dicho reclamo. Corresponde al foro primario evaluar los méritos del mismo.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones